IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JAMES GOFF,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-265-KC** |
| | § | |
| **HSBC BANK USA and BEVERLY** | § | |
| **MITRISIN,** | § | |
| | § | |
| **Defendants**. | § | |

## ORDER

Before the Court is Defendant Substitute Trustee's Motion to Dismiss (the "Motion"),

ECF No. 4, filed on September 27, 2013, by Defendant Beverly Mitrisin ("Mitrisin") in the

above-captioned case (the "Case"). By the Motion, Mitrisin requests that the Court dismiss

Plaintiff's claims against her for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6). For the following reasons, the Court **GRANTS** the Motion and dismisses

Mitrisin from the Case.

## I.      BACKGROUND

On August 5, 2013, Plaintiff filed James Goff's Original Petition for Declaratory

Judgment, Requests for Disclosure and Request for Production (the "Petition"), ECF No. 1-5, in

the County Court at Law No. 6 of El Paso County, Texas (the "State Court"). *See* HSBC Bank

USA's Notice of Removal Under 28 U.S.C. § 1441 (the "Notice of Removal"), ECF No. 1, 1.

Although the Petition is scanty, it appears to allege the following facts, which the Court assumes

to be true for the purposes of the Motion: Plaintiff purchased certain real property in El Paso,

Texas (the "Property") on or about October 6, 2006. Pet. 2. As part of this transaction, Plaintiff

1

executed a deed of trust from Mortgage Electronic Registration Systems, Inc. Solely as Nominee for Resmae Mortgage Corporation, its successors and assigns (the "Deed of Trust") to secure a purchase money loan (the "Note") in the amount of $110,400.00. *Id*. The Deed of Trust was duly recorded. *Id*. The Note was subsequently assigned to Defendant HSBC Bank USA ("HSBC"). *Id*. This assignment was not recorded. *Id*. HSBC then instructed Mitrisin, as substitute trustee, to sell the Property at foreclosure on the first Tuesday of August, 2013 (the "Foreclosure"). *Id*.

Plaintiff argues the Foreclosure would violate his statutory and contractual rights for several reasons. First, Plaintiff alleges that Defendants did not give him notice of default and an opportunity to cure, in violation of the Texas Property Code and the terms of the Deed of Trust. *Id*. Second, Plaintiff alleges that Defendants violated the Texas Property Code by failing to send him a signed, written notice of sale or substitution of trustee. *Id*. Third, Plaintiff alleges that Defendants lack standing, legal authority, or any justification to pursue the Foreclosure, because HSBC was not a holder in due course of the Note or the Deed of Trust and lacked valid consideration to enter any contract with Plaintiff. *Id*.

Plaintiff therefore seeks a declaratory judgment that the Foreclosure would be invalid and without force or effect. *Id*. at 3. Plaintiff additionally brings breach of contract and fraud claims against both Defendants, as well as a breach of fiduciary duty claim against Mitrisin alone. *Id*. The Petition also includes various requests for disclosure and a request for production. *See id*. at 4-6.

Additionally, the Petition requests a temporary injunction and a temporary restraining order forestalling the Foreclosure. *Id*. at 6. The State Court granted Plaintiff a temporary restraining order to this effect on August 5, 2013 (the "TRO"). *See* ECF No. 1-6. The State Court then held a hearing on the propriety of continuing the TRO on August 12, 2013, but the docket

2

reflects that one or more of the parties did not attend this hearing. *See* ECF No. 1-4 (listing the "Result" of the hearing as "No Show"). Although it is not clear whether the TRO presently remains in effect, there is no indication in the record that Defendants currently intend to proceed with the Foreclosure.

On August 21, 2013, Mitrisin filed Defendant Beverly Mitrisin's Original Answer (the "Answer"), ECF no. 1-9, in the State Court. The Answer generally denies the allegations in the Petition, except for the allegation that she is the trustee under the Deed of Trust. Answer 1. The Answer also includes a verified denial pursuant to Texas Property Code 51.007 (the "Verified Denial"), pleading that Mitrisin "is not a necessary party to [the Case] because she reasonably believes she was named solely in the capacity as a trustee under a deed of trust." *See id.* at 1-2. The record does not reflect that Plaintiff ever filed a verified response to the Verified Denial as required by Texas Property Code 51.007(b).

Also on August 21, 2013, HSBC removed the Case to this Court. *See* Notice of Removal. Mitrisin consented to the removal. *See* ECF No. 1-13. Approximately one month after the removal, Mitrisin filed the Motion. Plaintiff did not file a response to the Motion.

## II.    DISCUSSION

### A.    Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts

"to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *accord Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Whereas the bulk of Plaintiff's claims are governed by the standard described above, Plaintiff's fraud claim is instead governed by Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Rule 9(b) requires, at a minimum, 'that the plaintiff set forth the who, what, when, where, and how of the alleged fraud.'" *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (internal quotation marks omitted) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); citing *U.S. ex. rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 872-73 (5th Cir. 2008)). "A dismissal for

failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009) (citation and internal quotation marks omitted).

### B.    Analysis

Mitrisin argues that because Plaintiff failed to object or file a timely verified response to the Verified Denial, the Court should dismiss her from the Case pursuant to Texas Property Code § 51.007. Plaintiff has not responded to this argument.

Texas Property Code § 51.007 provides:

(a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

(b) Within 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.

(c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.

(d) If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice if the court determines that the trustee is not a necessary party.

(e) A dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale.

(f) A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party.

Tex. Prop. Code Ann. § 51.007.

Because this Court's jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332, *see*

Notice of Removal 3-6, the Court applies state substantive law and federal procedural law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). Therefore, under the *Erie* doctrine, Texas Property Code § 51.007 only governs the outcome of the Case if that provision is properly characterized as state substantive law. *See Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (citing *Motorola Commc'ns & Elec., Inc. v. Dale*, 665 F.2d 771, 774 (5th Cir. 1982)); *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995) (citing *Erie*, 304 U.S. at 64)).

This Court considered this question under nearly identical circumstances in *Landry v. Wells Fargo Home Mortgage, Inc.*, No. EP-13-CV-144-KC, 2013 WL 5278497 (W.D. Tex. Sept. 18, 2013) (Cardone, J.). The Court noted that "[t]he few district courts that have examined the nature of § 51.007 have reached different conclusions" regarding whether that provision applies in a federal case predicated on diversity jurisdiction. *Landry*, 2013 WL 5278497, at *3 (citing *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, CA G-12-188, 2013 WL 1619691, at *3 (S.D. Tex. Mar. 22, 2013); *Leal v. Bank of N.Y. Mellon*, CA C-12-265, 2012 WL 5465978, at *5 (S.D. Tex. Oct. 22, 2012); *Vanderbilt Mortg. & Fin., Inc. v. Flores*, CIV A. C-09-312, 2010 WL 3521727, at *3 n.1 (S.D. Tex. Sept. 8, 2010)). Faced with this uncertainty, this Court ultimately concluded that it "need not decide this issue because regardless of whether § 51.007 is applicable in federal court, [the p]laintiff ha[d] failed to state a claim under either Texas Property Code § 51.002(b) or (d) upon which relief may be granted against Defendant Mitrisin."[1] *Landry*, 2013 WL 5278497, at *3 (citing *Twombly*, 550 U.S. at

---

[1] Although §§ 51.002 and 51.007 are both from the Texas Property Code, § 51.002 is, unlike § 51.007, clearly substantive rather than procedural. There is therefore no question that § 51.002 applies in the Case. *See Erie*, 304 U.S. at 78-79. *Accord Landry*, 2013 WL 5278497, at *3-4 (applying § 51.002 in a federal diversity case).

555-56).

The same is true here. For the following reasons, Plaintiff has failed to state a viable claim against Mitrisin. Thus, the Court need not decide whether § 51.007 is applicable in diversity cases. The Court therefore grants the Motion and dismisses all of Plaintiff's claims against Mitrisin.

As was true in *Landry*, Plaintiff's claims that Mitrisin failed to provide Plaintiff sufficient notice and an opportunity to cure all fail:

> Under the Texas Property Code, before a foreclosure sale can be executed, the note holder must give the debtor "written notice . . . stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop.Code Ann. § 51.002(d) (West 2013). Once these criteria have been satisfied, the note holder must give the debtor "notice of the sale . . . at least 21 days before the date of the sale." *Id*. § 51.002(b). Because these provisions set notice requirements based on the date of sale, a plaintiff can only bring a cause of action under either provision if she alleges that a sale has occurred.

*Landry*, 2013 WL 5278497, at *3 (citing *Kew v. Bank of Am., N.A.*, CIV. A. H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012); *Adams v. Bank of Am.*, 4:10-CV-709, 2011 WL 5080217, at *5 (E.D. Tex. Oct. 26, 2011), *aff'd*, 475 F. App'x 526 (5th Cir. 2012); *Eisenberg v. Deutsche Bank Trust Co. Americas*, SA 11-CV-384-XR, 2011 WL 2636135, at *3 (W.D. Tex. July 5, 2011)).

Like the plaintiff in *Landry*, "Plaintiff's § 51.002 claims are insufficient because [h]e has failed to allege that there has been a sale of [the P]roperty." *Id*. at *4 (citing *Kew*, 2012 WL 1414978, at *6). The Petition indicates that the Foreclosure has not yet occurred. *See* Pet. 2 ("[Plaintiff's] statutory rights and contractual rights *would* be violated by the sale of [the Property]" (emphasis added)). *See also id*. at 6 (seeking injunctive relief to prevent the pending Foreclosure). Indeed, the State Court filed an initial TRO forestalling the Foreclosure, and held a hearing, which one or more of the parties did not attend, on the propriety of further extending the TRO. *See* ECF no. 1-6; ECF no. 1-4. Because there is no indication that the Foreclosure has occurred, "Plaintiff has

failed to allege a § 51.002 claim upon which relief can be granted" against Mitrisin. *Landry*, 2013 WL 5278497, at *4 (citing *Twombly*, 550 U.S. at 555-56).

The Court likewise dismisses Plaintiff's request for declaratory relief against Mitrisin.[2] "A court may only rule on a request for declaratory judgment when a plaintiff alleges 'facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Landry*, 2013 WL 5278497, at *4 (quoting *Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003)). Plaintiff has failed to do so. The Petition alleges that the Foreclosure was scheduled for August 6, 2013, the day after Plaintiff filed the Petition in State Court. *See* Pet. 2. The State Court granted Plaintiff the TRO, thereby forestalling the Foreclosure. *See* ECF no. 1-6; ECF no. 1-4.  As a result, the "sale date has passed without a sale and there is no indication that a future sale is currently scheduled. Accordingly, declaratory relief is not appropriate." *Landry*, 2013 WL 5278497, at *4 (citing *Calderon v. Bank of Am. N.A.*, --- F. Supp. 2d ----, SA:12-CV-00121-DAE, 2013 WL 1741951, at *13-14 (W.D. Tex. Apr. 23, 2013)). Therefore, "to the extent that Plaintiff is seeking a declaratory judgment that any future sale would be invalid because of Defendant Mitrisin's alleged violations of § 51.002, this claim is also insufficient," and the Court dismisses it. *Id*.

However, the Court's analysis in *Landry* does not by itself dispose of all of Plaintiff's claims against Mitrisin, because there are ways in which the Petition differs from the petition at issue in *Landry*. For one, the Petition includes a request for a temporary restraining order and a temporary injunction that the petition in *Landry* did not include. *See* Pet. 6. However, this does not provide a reason to keep Mitrisin in the Case. The State Court already granted Plaintiff's

---

[2] For the reasons explained in *Landry*, although Plaintiff requests relief under the Texas Uniform Declaratory Judgments Act, *see* Pet. 2, the Court instead construes Plaintiff's declaratory relief claim as a claim brought under the federal Declaratory Judgment Act, because the Court applies federal procedural law when sitting in diversity. *See Landry*, 2013 WL 5278497, at *4 n.2 (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012)).

request for a TRO and held a hearing on the propriety of further extending the TRO. *See* ECF no. 1-6; ECF no. 1-4. Therefore, this issue does not appear to be currently before this Court.

Another difference between the Case and *Landry* is that Plaintiff also brings fraud and breach of fiduciary duty claims against Mitrisin. For the following reasons, the Court dismisses both of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6). First, the Court dismisses Plaintiff's fraud claim against Mitrisin for failure to "state with particularity the circumstances constituting fraud[.]" Federal Rule of Civil Procedure 9(b). As stated above, "Rule 9(b) requires, at a minimum, 'that the plaintiff set forth the who, what, when, where, and how of the alleged fraud.'" *Steury*, 625 F.3d at 266 (internal quotation marks omitted) (quoting *Thompson*, 125 F.3d at 903; citing *Rafizadeh*, 553 F.3d at 872-73). The Petition includes only threadbare assertions that Defendants "are attempting to foreclose on [the P]roperty without any legal authority to do so." *See* Pet. 2-3. This is insufficient to survive a motion to dismiss. *See, e.g.*, *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-35 (5th Cir. 2010). Moreover, to establish fraud under Texas law, Plaintiff must show (1) a material misrepresentation; (2) knowledge that the representation was false or reckless disregard for the truth; (3) intention to induce Plaintiff to act upon the representation; (4) justifiable reliance on the representation; and (5) injury. *See, e.g.*, *Ernst & Young L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). The Petition alleges none of these elements. *See* Pet. 2-3. Plaintiff has therefore failed to state a fraud claim against Mitrisin upon which the Court may grant relief.

Plaintiff's breach of fiduciary duty claim against Mitrisin is likewise defective. Although Plaintiff's argument on this point is not clear, he appears to allege that Mitrisin failed to investigate whether HSBC could legally foreclose on the Property. *See* Pet. 3. Although Mitrisin may very well have owed a duty to Plaintiff to organize and conduct the Foreclosure in an

impartial and fair manner, *see, e.g., Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 751 (Tex. 2009) (citing *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977); *Tarrant Sav. Ass'n v. Lucky Homes, Inc.*, 390 S.W.2d 473, 476 (Tex. 1965)), Plaintiff does not plead sufficient factual matter from which the Court could infer that Mitrisin breached this duty. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-56. Plaintiff does not explain what Mitrisin failed to investigate or how her behavior fell short of any fiduciary duty she may have owed. *See* Pet. 3. Moreover, the Court has no reason to believe that the Foreclosure ever occurred, so Plaintiff cannot establish that Mitrisin's alleged failure to investigate whether the Foreclosure had any legal basis caused him any harm. *See, e.g., Myrad*, 300 S.W.3d at 751. The Court therefore dismisses Plaintiff's breach of fiduciary duty claim against Mitrisin.

## III.   CONCLUSION

It is therefore **ORDERED** that the Motion is **GRANTED**. The Court dismisses all of Plaintiff's claims against Mitrisin.

**SO ORDERED**.

**SIGNED this 30th day of October, 2013.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE