IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAMES GOFF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-13-CV-265-KC |
| | § | |
| HSBC BANK USA and BEVERLY | § | |
| MITRISIN, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Defendant HSBC Bank USA's Motion for Summary

Judgment and Brief in Support (the "Motion"),[1] ECF No. 21, filed in the above-captioned case

(the "Case") on February 26, 2014. For the reasons described below, the Court **GRANTS** the

Motion.

I.      BACKGROUND

A.      Procedural History

On August 5, 2013, Plaintiff filed James Goff's Original Petition for Declaratory

Judgment, Requests for Disclosure and Request for Production (the "Original Petition"), ECF

No. 1-5, in the County Court at Law No. 6 of El Paso County, Texas (the "State Court"). The

Petition named two defendants: HSBC Bank USA ("HSBC"), and Beverly Mitrisin, as trustee

("Mitrisin"). *Id*. at 1. The Petition requested a declaratory judgment that a pending foreclosure

(the "Foreclosure") of certain real property (the "Property") would, if consummated, be unlawful

and invalid on various grounds. *See id*. at 1-6. The Petition also sought to temporarily enjoin the

---

[1] The Court refers to the pagination assigned to the Motion by the court's electronic docketing system, rather than to
the internal pagination assigned by Defendant.

Foreclosure. *See id.* at 6.

On August 21, 2013, HSBC removed the Case to this Court. ECF No. 1. Mitrisin filed a motion to dismiss Plaintiff's claims against her on September 27, 2013. ECF No. 4. The Court granted Mitrisin's motion on October 30, 2013, thereby dismissing Mitrisin from the Case. ECF No. 8; *Goff v. HSBC Bank USA*, No. EP–13–CV–265–KC, 2013 WL 5923652, at *1-6 (W.D. Tex. Oct. 30, 2013).

HSBC filed its own motion to dismiss the Case on November 1, 2013. ECF No. 9. Plaintiff then untimely filed an amended complaint (the "First Amended Complaint"), ECF No. 10, without this Court's leave on November 8, 2013. *See also* ECF No. 5, at 5; ECF No. 6 (establishing October 18, 2013 as the deadline to amend pleadings). The factual matter alleged in the First Amended Complaint was in all relevant respects indistinguishable from that alleged in the Original Petition. *Compare* 1st Am. Compl. 1-7, *with* Original Pet. 1-6. Buried within the First Amended Complaint was a motion to remand the Case to the State Court. *See* 1st Am. Compl. 6. This Court denied the motion to remand on November 13, 2013. *See* ECF No. 11.

HSBC renewed its motion to dismiss the Case on November 18, 2013. *See* ECF No. 12. Then, on November 22, 2013, Plaintiff untimely filed another amended complaint (the "Second Amended Complaint"), ECF No. 14, which, like the First Amended Complaint, was also largely indistinguishable from the Original Petition. *Compare* 2d Am. Compl. 1-4, *with* Original Pet. 1-6. Even though the Second Amended Complaint was untimely, and Plaintiff did not seek leave from the Court before filing it, the Court nonetheless treated the Second Amended Complaint as the live pleading in the Case. *See* HSBC Dismissal Order, ECF No. 16, at 3. The Court then granted HSBC's renewed motion to dismiss except as to a single aspect of one of Plaintiff's claims. *See id.* at 1, 19. Specifically, the Court denied HSBC's renewed motion "as to Plaintiff's

2

breach of contract claim to the extent it is based on HSBC's alleged failure to comply with the acceleration notice requirements of the" deed of trust securing the Property (the "Deed of Trust"). *See id*. at 19. It is on that remaining claim that HSBC now seeks summary judgment. *See* Mot. 4.

      **B.**     **Factual Background**

More than fourteen days have passed since HSBC filed the Motion, and Plaintiff has not filed a response. *See* W.D. Tex. L.R. CV-7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion."). Therefore, as the Court describes in greater detail below, the Court deems admitted the following facts in HSBC's Proposed Statement of Undisputed Facts ("Undisputed Facts"), ECF No. 21-1, and the appendix thereto (the "Appendix"), ECF No. 21-2. *See also M.L. ex rel. A.L. v. El Paso Indep. Sch. Dist.*, 610 F. Supp. 2d 582, 586 n.2 (W.D. Tex. 2009), *aff'd*, 369 F. App'x 573 (5th Cir. 2010).

On or about October 6, 2006, Plaintiff purchased the Property and executed an adjustable rate note (the "Note") in the original principal sum of $110,400.00, payable to ResMAE Mortgage Corporation ("ResMAE") as lender. Undisputed Facts ¶ 3 (citing App. 2 ¶ 4; *id*. at 5-8). On that same date, Plaintiff executed the Deed of Trust in favor of ResMAE, which created a security interest in the Property. *Id*. ¶ 4 (citing App. 3 ¶ 5; *id*. at 9-24). The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") the beneficiary and nominee for ResMAE and its successors and assigns. *Id*. (citing App. 3 ¶ 5). The Court hereinafter refers to the Note and Deed of Trust collectively as the "Loan."

On or about February 27, 2007, Wells Fargo became the servicing agent for the Loan. *Id*. ¶ 5 (citing App. 3 ¶ 6). On September 8, 2011, MERS, acting as nominee for ResMAE, assigned the Deed of Trust to HSBC. *Id*. ¶ 6 (citing App. 3 ¶ 7; *id*. at 25-27).

In 2011, Plaintiff defaulted on the Loan by failing to make a required monthly payment. *Id*. ¶ 7 (citing App. 3 ¶ 8). On April 18, 2013, HSBC, through its servicing agent Wells Fargo d/b/a America's Servicing Company, sent Plaintiff a letter notifying him that (1) the Loan was in default; (2) Plaintiff could cure the default by paying $25,499.43 by May 23, 2013; and (3) HSBC would accelerate Plaintiff's debt if he failed to pay $25,499.43 by May 23, 2013. *Id*. ¶ 8 (citing App. 3 ¶ 9; *id*. at 28-35). Wells Fargo did not receive $25,499.43 by May 23, 2013 or any time thereafter. *Id*. ¶¶ 8-9 (citing App. 3 ¶¶ 9-10).

On or about July 16, 2013, Wells Fargo, through its foreclosure counsel, mailed a certified letter to Plaintiff, notifying him that Wells Fargo elected to accelerate the Note, and that it intended to foreclose on the Property on August 6, 2013. *Id*. ¶ 10 (citing App. 37 ¶ 5; *id*. at 39-47).

## II.     DISCUSSION

### A.     Standard

A court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

4

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials[,]" or show "that the materials cited by the movant do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

A court resolves factual controversies in favor of the nonmoving party, but establishing a factual controversy requires more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Further, when reviewing the evidence, a court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"[A] district court may not grant a motion for summary judgment merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

Instead, the Court must first determine that the movant has established that there is no genuine issue of material fact. *See Sangi v. Fairbanks Capital Corp.*, 219 F. App'x 359, 361-62 (5th Cir. 2007). Nevertheless, under Federal Rule of Civil Procedure 56(e)(2)-(3), if a party "fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for the purposes of the [summary judgment] motion," or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). This Court, in accordance with Rule 56(e), has issued its Standing Order Regarding Motions for Summary Judgment (the "Standing Order"),[2] which provides in relevant part:

> There shall be annexed to a motion for summary judgment a document entitled "Proposed Undisputed Facts," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. *All material facts set forth in said statement will be deemed admitted* unless controverted by [a document filed by the non-movant with the papers opposing a motion for summary judgment] entitled "Response to Proposed Undisputed Facts," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Proposed Undisputed Facts whether each of the facts asserted by the moving party is admitted or denied.

Standing Order (a)(1)-(2) (emphasis added). *See also M.L.*, 610 F. Supp. 2d at 586 n.2 (enforcing and applying Standing Order).

### B.    Analysis

To reiterate, Plaintiff's sole surviving claim is that HSBC breached the Deed of Trust by failing to give Plaintiff proper notice before accelerating the Loan. Specifically, Plaintiff claims that he "was not given the notice of default and opportunity to cure prior to acceleration within the strict time limits imposed by the Deed of Trust . . . . By not providing correct information regarding the default[,] [Plaintiff] was deprived of an opportunity to cure." 2d Am. Compl. 2.

---

[2] A copy of the Standing Order is available at
http://www.txwd.uscourts.gov/Rules/StandingOrders/ElPaso/StOrd_KC_re_SumJudgment_050112.pdf.

"Because the Court's jurisdiction over the Case is based on diversity of citizenship of the parties, the Court assesses the sufficiency of the causes of action under applicable state law, here the law of the State of Texas." HSBC Dismissal Order 6 n.2 (citing *Aerosonic Corp. v. Trodyne Corp.*, 402 F.2d 223, 229 (5th Cir. 1968)). "The essential elements of a breach of contract claim" under Texas law "are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff;[3] (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach." *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 247 (Tex. App. 2010) (citing *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 235-36 (Tex. App. 2008)).

As the Court explained in the HSBC Dismissal Order, the acceleration notice provision in the Deed of Trust allows HSBC to accelerate the mortgage securing the Property if Plaintiff defaults, but only if HSBC provides Plaintiff with prior notice of

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [the b]orrower, by which the default must be cured; and (d) that failure to cure default on or before the date specified in the notice will result in acceleration.

HSBC Dismissal Order 10 (citing ECF No. 12-2 ¶ 22).

Because Plaintiff did not respond to the Motion or to the Undisputed Facts, the Court deems the Undisputed Facts admitted. *See* Fed. R. Civ. P. 56(e)(2); Standing Order (a)(1)-(2); *M.L.*, 610 F. Supp. 2d at 586 n.2. The Undisputed Facts establish that HSBC, through its

---

[3] As this Court ruled in the HSBC Dismissal Order, however, the "performance or tendered performance by the plaintiff" element is of decreased relevance to a breach of contract claim based on a defendant's alleged noncompliance with a mortgage acceleration clause, because "'[t]he notices at issue presuppose that the recipient is in breach of his [or her] contractual obligations.' If a plaintiff could not enforce an acceleration notice requirement simply because the plaintiff triggered the requirement by defaulting, the notice requirements would have no effect." HSBC Dismissal Order 12-13 (quoting *Gatling v. CitiMortgage, Inc.*, Civil Action No. H-11-2879, 2013 WL 1625126, at *6 (S.D. Tex. Apr. 15, 2013)). *Accord Franklin v. BAC Home Loans Servicing, L.P.*, Civil Action No. 3:10–CV–1174–M, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011). As the Court explains below, however, Plaintiff's claim ultimately still founders on the element of breach.

servicing agent, sent Plaintiff a letter on April 18, 2013, notifying him "that the Loan was in default, that the default could be cured by paying $25,499.43 by May 23, 2013, and that [Plaintiff's] debt would be accelerated if [he] failed to pay $25,499.43 by May 23, 2013." Undisputed Facts ¶ 8 (citing App. 3 ¶ 9; *id*. at 28-35). Because May 23, 2013 is "not less than 30 days from" April 18, 2013, the letter complied with all the requirements listed above. *See* HSBC Dismissal Order 10 (citing ECF No. 12-2 ¶ 22). Plaintiff failed to cure the default by May 23, 2013. *See* Undisputed Facts ¶ 8 (citing App. 3 ¶ 9). Consequently, HSBC did not violate any provision of the Deed of Trust when it opted to accelerate the mortgage and foreclose on the Property.

Given the foregoing, there exists no genuine issue of material fact as to whether HSBC breached the acceleration notice provision of the Deed of Trust. Because Plaintiff has failed to establish the essential element of breach, the Court grants HSBC summary judgment on Plaintiff's sole remaining claim.

## III.    CONCLUSION

It is therefore **ORDERED** that the Motion is **GRANTED**.

**SO ORDERED**.

**SIGNED this 18th day of March, 2014.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

8