IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JAMES GOFF,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-265-KC** |
| | § | |
| **HSBC BANK USA and BEVERLY** | § | |
| **MITRISIN,** | § | |
| | § | |
| **Defendants**. | § | |

## ORDER

On this day, the Court considered Defendant HSBC Bank USA's Motion for Award of Attorneys' Fees and Costs and Brief in Support (the "Motion"), ECF No. 26. By the Motion, Defendant HSBC Bank USA ("HSBC") seeks an award of $8,500 for attorneys' fees and costs incurred in the above-captioned case (the "Case"). *See* Mot. 9.[1] For the reasons discussed below, the Court **GRANTS** the Motion.

## I.    BACKGROUND

Plaintiff sued HSBC on August 5, 2013. *See* Original Pet., ECF No. 1-5. Plaintiff requested a declaratory judgment that a pending foreclosure (the "Foreclosure") of certain real property (the "Property") would, if consummated by HSBC, be unlawful and invalid. *See* 2d Am. Compl., ECF No. 15, at 1-4. Plaintiff also sought to temporarily enjoin the Foreclosure. *See id*. at 4.

The Court dismissed all but one of Plaintiff's claims against HSBC on December 6, 2013. *See* Dismissal Order, ECF No. 16. The Court then granted summary judgment in favor of HSBC

---

[1] The Court refers to the pagination assigned to the Motion by the Court's electronic docketing system, rather than to the internal pagination assigned by HSBC.

on Plaintiff's remaining claim on March 18, 2014. *See* Summ J. Order, ECF No. 22. On the same

day, the Court entered final judgment in favor of HSBC. *See* Final J., ECF No. 23.

On April 1, 2014, HSBC requested permission to file the Motion under seal. *See* ECF No.

24. The Court denied HSBC's request and ruled that, if HSBC wished to recover attorney's fees,

it would have until April 9, 2014 to file the Motion on the public docket. *See* ECF No. 25, at 2.

HSBC publicly filed the Motion on April 2, 2014. *See* Mot.

## II.    DISCUSSION

### A.    Standard

Federal Rule of Civil Procedure 54(d)(2) creates several requirements that a movant must

satisfy to obtain attorney's fees. *See* Fed. R. Civ. P. 54(d)(2). The movant must (1) file the

motion "no later than 14 days after the entry of judgment;" (2) "specify the judgment and the

statute, rule, or other grounds entitling the movant to the award;" (3) "state the amount sought or

provide a fair estimate of it;" and (4) "disclose, if the court so orders, the terms of any agreement

about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(i)-(iv).

Local Rule CV-7(j) imposes several additional requirements. First, both parties' counsel

must "meet and confer for the purpose of resolving all disputed issues relating to attorney's fees"

before the movant submits its application. W.D. Tex. L.R. CV-7(j)(1). The movant must "certify

that such a conference has occurred." *Id*. If the parties are unable to reach an agreement

regarding attorney's fees, the movant "shall certify the specific reason why the matter could not

be resolved by agreement." *Id*.

Second,

[t]he motion shall include a supporting document organized chronologically by
activity or project, listing attorney name, date, and hours expended on the
particular activity or project, as well as an affidavit certifying (1) that the hours

2

expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable.

*Id.*

Third, the motion must be "accompanied by a brief memo setting forth the method by which the amount of fees was computed, with sufficient citation of authority to permit the reviewing court the opportunity to determine whether such computation is correct." *Id.*

If the non-movant objects to the motion for attorney's fees, it must file an objection "on or before 14 days after the date of the filing of the motion. If there is no timely objection, the court may grant the motion as unopposed." W.D. Tex. L.R. CV-7(j)(2). Whether to grant the motion as unopposed is within the court's discretion; "[a] trial court may still review the requested attorneys' fees for their reasonableness even though the motion is unopposed." *JPMorgan Chase Bank, N.A. v. Gonzalez*, Civil Action No. SA-12-CV-105-XR, 2013 WL 321779, at *2 (W.D. Tex. Jan. 28, 2013) (citing *Harvey v. Baton Rouge Marine Contractors*, No. 08-459-VP-CN, 2009 WL 331594, at *7 (M.D. La. Feb. 10, 2009)).

### B.  Analysis

HSBC argues that, because the Case could have significantly affected its rights in the Property, "HSBC was forced to incur attorneys' fees and court costs to protect its rights." Mot. 3-4. By the Motion, HSBC seeks to recover the attorney's fees it incurred defending itself against Plaintiff's claims. *See id.* at 3-9.

Plaintiff did not file a response to the Motion. *See* W.D. Tex. L.R. CV-7(j)(2) ("An objection to a motion for attorney's fees shall be filed on or before 14 days after the date of the filing of the motion."). As a result, this Court is permitted to grant the Motion as unopposed. *See id.* Nevertheless, out of an abundance of caution, the Court examines whether the Motion complies with Federal Rule of Civil Procedure 54(d)(2) and Local Rule CV-7(j), as well as

whether the requested fees are reasonable. *See Gonzalez*, 2013 WL 321779, at *2-3; *Opus Portfolio, Ltd. v. Koz*, Civil Action No. SA-09-CV-363-XR, 2010 WL 2136571, at *1-2 (W.D. Tex. May 27, 2010).

### 1.      Timeliness of Motion

The Court first assesses whether HSBC timely filed the Motion under all applicable rules of procedure. A movant seeking attorney's fees must file its motion "no later than 14 days after the entry of judgment" unless "a court order provides otherwise." Fed. R. Civ. P. 54(d)(2). *Accord* W.D. Tex. L.R. CV-7(j)(1), (3). HSBC filed the Motion a day after this fourteen-day deadline. *See* Mot.; Final J. Nonetheless, the Motion is timely because HSBC filed it before the April 9, 2014, deadline established in this Court's order denying HSBC's request to file the Motion under seal. *See* ECF No. 25, at 2.

### 2.      HSBC's entitlement to attorney's fees

The Court next assesses whether HSBC has specified the source of its entitlement to attorney's fees as required by Federal Rule of Civil Procedure 54(d)(2)(B)(ii). *Accord* W.D. Tex. L.R. CV-7(j)(1) (requiring the motion to "include reference to the statutory authorization or other authority for the request"). "An award of attorneys' fees is governed by the same law that determines the substantive issues of the case." *Gonzalez*, 2013 WL 321779, at *1 (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). Because the Court applied Texas state law to Plaintiff's claims, *see* Dismissal Order 6-18; Summ. J. Order 7-8, HSBC's entitlement to attorney's fees is governed by Texas law. *See Gonzalez*, 2013 WL 321779, at *1.

Under Texas law, "[a] party who prevails in a lawsuit is entitled to recover attorney's fees," but "only if permitted by statute or by contract." *Med. City. Dall., Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008). HSBC specifies that it seeks attorney's fees pursuant to a

4

provision in the deed of trust securing the Property. *See* Mot. 5-7. This provision permits HSBC to recover "reasonable attorneys' fees to protect its interest in the Property" in "a legal proceeding that might significantly affect [HSBC]'s interest in the Property." ECF No. 26-2, at 7-8. Because the Case is a legal proceeding that could have affected HSBC's interest, HSBC is entitled to recover attorney's fees under Texas law. *See Velazquez v. Countrywide Home Loans Servicing, L.P. (In re Velazquez)*, 660 F.3d 893, 897-900 (5th Cir. 2011) (enforcing analogous deed of trust provision where lender incurred fees by filing proof of claim in debtor's bankruptcy case); *Opus Portfolio, Ltd.*, 2010 WL 2136571, at *1-2 (enforcing analogous fee provision in promissory note). Thus, HSBC has adequately specified the grounds for its entitlement to attorney's fees under Federal Rule of Civil Procedure 54(d)(2)(B)(ii) and Local Rule CV-7(j)(1).

### 3.    Amount of fees sought

The Motion specifies that HSBC seeks a total of $8,500 in fees. The Motion therefore "state[s] the amount sought or provide[s] a fair estimate of it" as required by Federal Rule of Civil Procedure 54(d)(2)(B)(iii).

### 4.    Terms of fee agreement

Federal Rule of Civil Procedure 54(d)(2)(iv) requires the movant, "if the court so orders," to "disclose . . . the terms of any agreement about fees for the services for which the claim is made." Because this Court has not so ordered, the Motion satisfies the Rule.

### 5.    Conference requirement

HSBC has also complied with Local Rule CV-7(j)(1)'s requirement to confer with Plaintiff regarding attorney's fees before filing the Motion. HSBC certifies that it has "conferred with counsel for Plaintiff regarding the merits of th[e] Motion," Mot. 10, which satisfies Rule CV-7(j)(1)'s requirement that the movant "certify that such a conference has occurred." *See*

W.D. Tex. L.R. CV-7(j)(1). The certification also specifies that HSBC and Plaintiff were unable to resolve the issues presented by the Motion "because Plaintiff cannot agree to the reasonableness of any amount of fees." Mot. 10. This satisfies Rule CV-7(j)(1)'s requirement that the movant "certify the specific reason why the matter could not be resolved by agreement." *See* W.D. Tex. L.R. CV-7(j)(1).

### 6.     Supporting documentation

HSBC, as required by Rule CV-7(j)(1), has submitted "a supporting document organized chronologically by activity or project, listing attorney name, date, and hours expended on the particular activity or project." *See* ECF No. 26-6. Although HSBC has partially redacted the supporting document, the document is still sufficient to allow the Court to evaluate the reasonableness of HSBC's attorney's fees. *See id.* at 1-2, 4-5, 7-11.

HSBC has also submitted a sworn affidavit from its counsel, Richard A. Illmer ("Counsel"), in which he avers that "the hours expended, the rates claimed and the attorneys' fees . . . are reasonable and within the range of usual and customary fees charged in Texas for work of this nature." Illmer Aff., ECF No. 26-5 ¶ 6. Illmer also avers that all of the hours listed in the report attached to the Motion were expended in furtherance of the Case. *See id.* ¶ 7. This satisfies Rule CV-7(j)(1)'s requirement that the movant submit "an affidavit certifying (1) that the hours expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable." W.D. Tex. L.R. CV-7(j)(1).

The supporting documentation to the Motion also specifies "the method by which the amount of fees was computed, with sufficient citation to authority to permit the reviewing court the opportunity to determine whether such computation is correct." *See id.* The Motion and Illmer's affidavit explain that each practitioner assigned to the Case billed at an hourly rate, and

that the total fees incurred were then "discounted to $8,500.00 as an accommodation to HSBC and to ensure that all time billed to HSBC was reasonable." Mot. ¶ 13; Illmer Aff. ¶¶ 3, 6.

### 7. Reasonableness of fees

Because the Motion complies fully with both Federal Rule of Civil Procedure 54(d)(2) and Local Rule CV-7(j), the Court assesses whether the requested fees are reasonable.

"The preferred method of calculating a reasonable fee is the 'lodestar' method, which is the product of a reasonable rate times a reasonable number of hours." *Gonzalez*, 2013 WL 321779, at *2 (citing *Exp. Worldwide, Ltd. v. Alfred Knight*, No. SA-05-CA-647-XR, 2007 WL 1300468, at *3 (W.D. Tex. May 3, 2007)). "Once the lodestar amount has been determined, the court may then adjust the award based on the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Gonzalez*, 2013 WL 321779, at *2 (citing *Saizen v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)). The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions at issue; (3) the skill necessary to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of money and the results obtained in the case; (9) the experience, reputation, and ability of the attorneys involved; (10) the undesirability of the case; (11) the nature and length of counsel's professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

HSBC's attorneys billed a total of 74.3 hours in the Case. *See* ECF No. 26-6, at 11. The Court has reviewed the supporting documentation and concludes that these hours were indeed

expended in furtherance of the Case. *See id*. at 1-11. Because the Case required HSBC to draft and file two motions to dismiss, two reply briefs, a joint report of parties' planning meeting, an answer, and a motion for summary judgment, the Court finds 74.3 hours to be a reasonable amount of time expended. *See* ECF Nos. 5, 9, 12, 15, 17, 21.

Dividing $8,500 by 74.3 produces an hourly rate of $114.40,[2] a rate below the median hourly rate charged by attorneys in the El Paso region.[3] Because $8,500 is the product of a reasonable rate multiplied by a reasonable number of hours in the Case, the requested fee is reasonable under the lodestar method. *See Gonzalez*, 2013 WL 321779, at *2. None of the *Johnson* factors militate against awarding $8,500 of fees in the Case. *See Johnson*, 488 F.2d at 717-19.  The Court therefore concludes that the requested fees are reasonable.

## III.   CONCLUSION

It is therefore **ORDERED** that the Motion, ECF No. 26, is hereby **GRANTED**. The Court awards HSBC $8,500.00 in attorney's fees.

---

[2] HSBC retained three attorneys to defend it in the Case. These attorneys charged hourly rates of $395.00, $275.00, and $230.00, respectively. *See* Illmer Aff. ¶ 3. Although HSBC incurred a total of $24,000.00 of attorney's fees in the Case, that value was "discounted to $8,500.00 as an accommodation to HSBC and to ensure that all time billed to HSBC was reasonable." Mot. ¶ 13; Illmer Aff. ¶¶ 3, 6. Thus, although the attorneys assigned to the Case billed at hourly rates higher than the median hourly rate in the El Paso region, the voluntary reduction caused the effective hourly rate to drop below the median. *See infra* note 3. The Court expresses no view regarding whether the original effective hourly rate would be reasonable in the absence of the voluntary reduction.

[3] *See* State Bar of Tex. Dep't of Research & Analysis, 2011 Hourly Fact Sheet (2011), http://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=20499. Courts in this district frequently refer to this fact sheet when ruling on requests for attorney's fees. *See Gonzalez*, 2013 WL 321779, at *2 n.1; *Opus Portfolio, Ltd.*, 2010 WL 2136571, at *2 n.5.

**SO ORDERED**.

**SIGNED this 21st day of April, 2014.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE